**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JAMES GARRETT,**

    **Petitioner,**                                         **CASE NO. 2:09-CV-00767
                                                                JUDGE FROST
**v.**                                                                             **MAGISTRATE JUDGE KING**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C.§2254. This matter is before the Court on the *Petition*, Doc. No. 2, respondent's *Return of Writ*, Doc. No. 10, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**FACTS and PROCEDURAL HISTORY**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Garrett was indicted on December 22, 2005, and charged with aggravated murder with a gun specification and illegal possession of a firearm in a liquor permit premises. He was acquitted of the illegal possession charge during his jury trial as the result of a motion made by trial counsel under Crim.R. 29(A). The jury found Garrett not guilty of aggravated murder with a firearm specification, but guilty of the lesser included offense of murder with a firearm specification.
>
> \*\*\*
>
> On December 4, 2005, a fight started at the D & R Lounge in the southern part of Columbus, Ohio. Jacques Davenport ("Davenport"), who had been fighting with a man known as Puma, was shot five times in the back and died as a result of the wounds. The question at trial was who shot Davenport in the back.

> Suriedia Florida ("Florida") was one of the bar patrons that night. She testified that she knew both Davenport and Garrett, who was better known to her as "Butchy." She testified that Puma was a friend of Butchy's and that when Puma started fighting with Davenport, Butchy pulled a gun from his waistband and shot Davenport repeatedly. Then Butchy left the bar.
>
> Firearm evidence at trial established that all seven shell casings collected at the scene of the shooting were from the same firearm. The autopsy established that Davenport died as a result of the gunshot wounds.
>
> Keosha Patterson ("Patterson"), a friend of Garrett, testified that he was with Garrett at the D & R Lounge when a fight broke out between "Puma," "Chip," "Red," and Davenport. When gunshots started, Patterson hit the floor. Patterson testified that James Garrett did likewise. Patterson claimed that Garrett was not the shooter and that they both fled after the shooting stopped.
>
> On cross-examination, Patterson acknowledged that his version of the facts had changed somewhat from the version he had given to police investigators earlier.
>
> Garrett testified on his own behalf and gave a version of what happened which closely paralleled that recounted by Patterson. They were at the bar, a fight started, and someone started shooting. They hit the floor until the shooting stopped and then fled.

*State v. Garrett,* No. 06AP-1014, 2007 WL 2177961, at *1 (Ohio App. 10th Dist. July 31, 2007).

Petitioner was found guilty of murder with a firearm specification. On September 11, 2006, the trial court sentenced him to fifteen years to life imprisonment, plus three additional years on the firearm specification. *Exhibits 2, 3 to Return of Writ*. Petitioner filed a timely appeal, in which he raised the following assignments of error:

> 1. Appellant received ineffective effective [sic] assistance of counsel.
>
> 2. Appellant's conviction was against the manifest weight of the evidence.
>
> 3. Appellant was denied due process of law as a result of cumulative

errors throughout the trial.

*See id.* On July 31, 2007, the appellate court affirmed the trial court's judgment. *Id.* On December 26, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Garrett*, 116 Ohio St.3d 1458 (2007).

> On November 23, 2007, appellant filed a motion for leave to file a delayed motion for new trial based on the newly discovered witness testimony of Leslie Burney, who would establish that appellant was wrongly convicted. Appellant attached the affidavit of Mr. Burney to his motion. Mr. Burney claims to have been present at the time of the shooting, and asserts that an individual by the name of "Dirty D" was the actual shooter. Mr. Burney explains that he did not tell appellant that he had witnessed the shooting out of fear of "Dirty D," but when he saw appellant during mass services held at the Ross Correctional Institute on October 14, 2007, Mr. Burney felt the need to clear his conscience. (Burney affidavit at 2.)
>
> The trial court denied appellant's motion. Appellant filed a timely appeal, asserting the following assignment of error:
>
> THE TRIAL COURT ABUSED ITS DISCRETION IN NOT FINDING THAT APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE JUSTIFYING MOTION FOR NEW TRIAL.

*State v. Garrett*, No. 08AP-104, 2008 WL 2698675, at *1 (Ohio App. 10th Dist. July 10, 2008). On July 10, 2008, the appellate court affirmed the trial court's judgment. *Id.* Petitioner did not timely appeal. On November 21, 2008, he filed a motion for delayed appeal. *Exhibits 18, 19 to Return of Writ.* On January 28, 2009, the Ohio Supreme Court denied his motion for delayed appeal. *State v. Garrett,* 120 Ohio St.3d 1484 (2009).

On September 2, 2009, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

3

> 1. Ineffective assistance of counsel: Trial counsel provided substandard representation. He was admonished by court and the prosecution throughout the trial. The jury was witness to these public reprimands. The cumulative effect caused the petitioner to be severely prejudiced to the jury and denied the petitioner a fair trial.
>
> 2. Counsel's failure to make a [Rule] 29 motion after verdict prejudiced the petitioner and was plain error.
>
> 3. The cumulative affect of the combined errors caused the petitioner not to receive a fair trial. The combined errors of trial counsel severely prejudiced the petitioner combined with the improper statement at side bar that the jury heard concerning "gang references," the cumulative effect denied him the possibility of a fair trial and verdict.
>
> 4. Trial court abused its discretion in not finding that appellant was unavoidably prevented from discovering the new evidence for justifying motion for a new trial.

It is the position of the respondent that petitioner's claims are without merit, fail to present an issue appropriate for federal habeas corpus review or are procedurally defaulted.

## CLAIM ONE

In claim one, petitioner asserts that he was denied the effective assistance of counsel because his attorney "provided substandard representation" and "was admonished by court and the prosecution throughout the trial. The jury was witness to these public reprimands." *Petition*, at 5. Petitioner did not present this precise claim to the courts of the State of Ohio. In the state Court of Appeals, the claim of effective assistance of trial counsel was framed as follows:

> Appellate counsel for Garrett sets forth several potential "unprofessional errors" allegedly made by trial counsel. They are: (1) failure to provide zealous representation based upon intimidation by the trial judge; (2) failure to make a post-verdict motion for a judgment of acquittal; (3) failure to play an "exculpable" 911 tape before the jury; (4) failure to timely move for a separation of witnesses; (5) failure to object to trial events which occurred while the defendant was not present; and (6)

failure to request a jury charge for voluntary manslaughter.

*State v. Garrett, supra,* 2007 WL 2177961, *3. Even construing the *pro se Petition* liberally, the claim of ineffective assistance of counsel as asserted in claim one can only be read as encompassing the first allegation before the state Court of Appeals.[1] That court rejected this claim as follows:

> The standard we are to apply in evaluating this assignment of error is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. Trial counsel's performance must have so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Stated somewhat differently, counsel's performance must be shown to have been deficient and that deficient performance must have prejudiced the defense to the point that the defendant was deprived of a fair trial. As a result, the defendant must show that, but for counsel's unprofessional errors, there was a reasonable probability the result of the trial would have been different.
>
>     \*                           \*                           \*
>
> [T]he suggestion that counsel was somehow intimidated by the trial court is at best speculation. The trial court warned counsel that counsel was talking so loud at side-bar conferences that jurors could possibly overhear the content of the conference. This warning could not conceivably have harmed the defendant or damaged the quality of his representation.

*Id.*

The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. §2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas

---

[1] To the extent that petitioner intends to assert additional claims of ineffective assistance of counsel in claim one, such claims – which would have appeared on the trial court record and should therefore have been presented in petitioner's direct appeal – have been procedurally defaulted. *See* 28 U.S.C. §2254(b), (c); *Murray v. Carrier,* 477 U.S. 478 (1986); *Maupin v. Smith,* 785 F.2d 135 (6th Cir. 1986).

5

>corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented.  28 U.S.C. §2254(d) provides:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Court of Appeals for the Sixth Circuit recently summarized this standard:

>Under the "contrary to" provision, a federal habeas court should grant the writ "if the state court arrived at a conclusion 'opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'"*Boykin v. Webb*, 541 F.3d 638, 642 (6th Cir. 2008) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Under the "unreasonable applications" clause, a habeas court may grant the writ if the state court identified the correct legal principle from the Supreme Court's decisions but unreasonably applied that principle to the petitioner's case. Id.

*Raver v. Brunsman*, No.08-3098, 2010 WL 2545489, *3 (6th Cir. June 21, 2010). Petitioner has failed to meet this standard here.

> The standard for reviewing a claim of ineffective assistance of counsel is twofold:
>
>> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. at 687; *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*., at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697.

In this case, petitioner has not established that his trial counsel was constitutionally ineffective merely because the trial judge warned counsel that the jury might be able to hear what was said at side-bar conferences. Moreover, to conclude that petitioner suffered prejudice by reason of this fact would be to engage in rank speculation. This Court concludes that

petitioner has failed to establish the ineffective assistance of his trial counsel in this regard.

Claim one is without merit.

## CLAIM TWO

In claim two, petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to move, post-verdict, for judgment of acquittal under Rule 29 of the Ohio Rules of Criminal Procedure.[2] The state appellate court rejected this claim as follows:

> The trial court sustained a Crim.R. 29 motion as to the one charge against James Garrett and allowed the jury to decide Garrett's guilt or innocence as to the homicide-related charges....
>
> Given the testimony of Florida, no basis for a post-verdict motion for judgment of acquittal was present. Counsel did not have a professional lapse when counsel refrained from making such a motion.

---

[2] Rule 29 of the Ohio Rules of Criminal Procedure provides:

(A) Motion for judgment of acquittal

The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

(B) Reservation of decision on motion

If a motion for a judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict, or after it returns a verdict of guilty, or after it is discharged without having returned a verdict.

(C) Motion after verdict or discharge of jury

If a jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within fourteen days after the jury is discharged or within such further time as the court may fix during the fourteen day period. If a verdict of guilty is returned, the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned, the court may enter judgment of acquittal. It shall not be a prerequisite to the making of such motion that a similar motion has been made prior to the submission of the case to the jury.

8

*State v. Garrett, supra,* 2007 WL 2177961, *3.

Again, the factual findings of the state appellate court are presumed to be correct, 28 U.S.C. §2254(c)(1), and this Court may not grant habeas corpus relief unless the state court's decision was contrary to or an unreasonably application of clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented, 28 U.S.C. §2254(d).

Petitioner has failed to meet this standard. Under Rule 29 of the Ohio Rules of Criminal Procedure, a trial court may set aside the verdict and enter a judgment of acquittal if the evidence is insufficient to sustain a conviction on the charge(s).

> "Sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury, *i.e.*, "Whether the evidence is legally sufficient to support the jury verdict as a matter of law."

*State v. Kidd*, No. 2006-L-193, 2007 WL 2296706, at *8 (Ohio App. 11th Dist. Aug. 10, 2007), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

> "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Id.* at 390 (Cook, J., concurring). A judgment of acquittal is inappropriate "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman* (1978), 55 Ohio St.2d 261, syllabus.

*State v. Macias*, No. L-99-1363, 2001 WL 640893, at *8 (Ohio App. 6th Dist. June 8, 2001). As noted by the state appellate court that considered petitioner's direct appeal, the testimony of prosecution witness Florida to the effect that she watched petitioner pull a gun from his waistband and repeatedly shoot Davenport, resulting in his death, was sufficient to support the charge of aggravated murder or murder, with a firearm specification. Counsel's failure to move, post-verdict,

9

for judgment of acquittal under Rule 29 of the Ohio Rules of Criminal Procedure was therefore not constitutionally ineffective.

Claim two is without merit.

### CLAIM THREE

In claim three, petitioner asserts that cumulative error denied him a fair trial. Respondent correctly notes that this claim fails to present an issue appropriate for federal habeas corpus relief. "[T]he Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002).

> To justify a grant of habeas relief, a federal court must find a violation of law that has been clearly established by the holdings of the United States Supreme Court decisions at the time of the relevant state-court decision. *King v. Bobby*, 433 F.3d 483, 490 (6th Cir.2006). Cumulative error" cannot form the basis of habeas relief under § 2254.

*Madyun v. Jackson*, 2007 WL 2651997 (E.D. Michigan Sept. 7, 2007), citing *Campbell v. United States*, 364 F.3d 727, 736 (6th Cir. 2004)*; Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002); *Lorraine v. Coyle*, 291 F.3d at 447.

Claim three is without merit.

### CLAIM FOUR

In claim four, petitioner asserts that the trial court abused its discretion denying his motion for a new trial. Respondent contends that this claim presents an issue regarding the alleged violation of only state law, which cannot warrant habeas corpus relief. This Court agrees. In any event, petitioner waived any claim regarding the state court's denial of his motion for a new trial because

10

he failed to file a timely appeal of the appellate court's July 10, 2008, decision affirming that denial to the Ohio Supreme Court, and the Ohio Supreme Court rejected his motion for a delayed appeal. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).  Further, petitioner has failed to establish cause for this procedural default.

Claim four is waived.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

11

                                             *s/ Norah McCann King*
                                             Norah McCann King
                                             United States Magistrate Judge

November 5, 2010